COPY

IN THE CIRCUIT COURT OF HICKMAN COUNTY, TENNESSEE
AT CENTERVILLE

FILED
JUN 27 2016
12:30
Dana Nicholson, Circuit Court Clerk
By _____ Dep. Clk.

DORATHEA RYE, RICKEY RYE,      )
SANTANA SMITH,      )
and CARL SMOTHERMAN,      )
      Plaintiffs,      )
      )
v.      )      DOCKET NO: _____
      )
      )
CANDELARIO CASTILLO, and      )      12 PERSON JURY DEMAND
SPIRIT TRUCK LINES, INC.,      )      PUNITIVE DAMAGES SOUGHT
      Defendants,      )

## COMPLAINT FOR HARMS AND LOSSES AND PUNITIVE DAMAGES

Dorathea Rye, Rickey Rye, Santana Smith and Carl Smotherman bring this cause of action and would show unto the Court as follows:

### PUNITIVE DAMGES ARE APPROPRIATE AND NECESSARY

1.      Defendant Candelario Castillo is a dangerous, law breaking truck driver, the worst kind that is feared by the communities he travels through.

2.      Defendant Spirit Truck Lines, Inc. is a dangerous, law breaking trucking company, the worst kind that places money and profits over the safety of the communities its trucks travels through.

3.      Upon information and belief, and after investigation, at the time of this crash, Defendant Castillo was driving with two active log books, used in a common trucking industry scheme to manipulate and intentionally break federal maximum hours of service laws designed to avoid driver fatigue and protect innocent, hard-working families in the communities the trucks travel through.

4.     Upon information and belief, Defendant Spirit encourages its drivers to participate in the two log book scheme to break federal service hour laws so that the drivers cover more miles and the company makes more money.

5.     Spirit drivers have had twenty (20) crashes in the last two (2) years.

6.     Spirit drivers have been cited 66 times in the last two years for hours of service violations. This shows a common scheme and design by Spirit to actively encourage and violate federal hours of service laws.

7.     Both Defendants are guilty of the most reckless and reputable behavior, gross negligence, intentional wrongdoing and rule breaking to justify significant punitive damages.

8.     For the health and safety of innocent people everywhere, Defendant Castillo should be banned from ever driving a federal motor vehicle again.

9.     For the health and safety of innocent people everywhere, Defendant Spirit should be put out of business.

## PARTIES

10.     Dorathea Rye and Rickey Rye are citizens and residents of Dickson County, Tennessee. They are married to each other.

11.     Santana Smith is a citizen and resident of Dickson County, Tennessee.

12.     Carl Smotherman is a citizen and resident of Williamson County, Tennessee.

13.     At all times relevant, Defendant Candelario Castillo ("Castillo") was and is a citizen and resident of the State of Texas.

14.     The Defendant Spirit Truck Lines, Inc. ("Spirit") is a domestic corporation engaged in interstate commerce with a principal place of business located in San Juan, Texas. This Defendant's USDOT number is 437028. According to the Federal Motor Carrier Safety

2

Administration, Spirit may be served with a copy of the complaint and summons through its registered agent, *Raul C. Garza, President, Spirit Truck Lines, Inc., P.O. Box 87, San Juan, Texas 78589-0087.*

## JURISDICTION AND VENUE

15.     This is an action for serious personal injury resulting from a collision involving a tractor trailer truck which occurred on Thursday, April 28, 2016, in Hickman County, Tennessee. Jurisdiction and venue are proper in this Court.

## FACTS

16.     At all relevant times, Defendant Castillo was an employee of Spirit, was on or about Spirits' business, was acting within the scope and course of his employment with Spirit and was acting with Spirits' knowledge.

17.  Spirit is a transportation company which provides different services in the transportation industry including moving commerce, freight and shipments through interstate commerce. Spirit is a motor carrier. Spirit's business activities are governed by the Federal Motor Carrier Safety Regulations.

18.     At all times material, Spirit owned the subject tractor trailer.

19.     On or around Thursday, April 28, 2016, Dorathea Rye, Santana Smith and Carl Smotherman were working for the Tennessee Department of Transportation ("TDOT").

20.     Carl Smotherman and Dorathea Rye were occupants in a TDOT vehicle that was parked legally inside the shoulder of I-40 in Hickman County.

21.     Santana Smith was an occupant in a TDOT vehicle that was parked legally inside the shoulder of I-40 in Hickman County. Santana Smith was directly in front of the TDOT vehicle occupied by Carl Smotherman and Dorathea Rye.

3

22. On the same date and at approximately the same time, Defendant Castillo was traveling in the right-hand lane, with a trailer full of cargo, weighing in excess of 50,000 pounds, traveling above the posted speed limit.

23. Upon information belief, and after investigation, witnesses traveling behind the Spirit truck driven by Defendant Castillo saw him weaving across the lanes for several miles and several minutes before he finally crossed the outside "fog line" and crashed violently into the TDOT vehicles occupied by the Plaintiffs and their now deceased co-worker.

24. As Defendant Castillo was barreling down I-40, he failed to comply with Tennessee Code Annotated §55-8-132, commonly known as "move over Tennessee," when he saw the stationary TDOT vehicles by continuing to travel in the right-hand lane when the lane not adjacent to that of the TDOT vehicle was clear and available for travel.

25. Because Defendant Castillo was driving his tractor and trailer at an excessive speed and failed to move over to the left-hand lane, he lost control of his truck and trailer and hit the TDOT vehicle occupied by Carl Smotherman and Dorathea Rye and the TDOT vehicle occupied by Santana Smith.

26. Because Defendant Castillo was driving his tractor and trailer at an excessive speed and failed to move over to the left-hand lane, he lost control of his truck and trailer and hit another TDOT employee that was outside of his truck, causing him to die upon impact.

27. Dorathea Rye, Santana Smith and Carl Smotherman witnessed Defendant Castillo slam into and kill their friend and coworker.

28. After being hit by Castillo, Santana Smith's TDOT truck looked like this:

4



29. According to News Reports, after the impact, the scene of the wreck looked like this:



30.     As a result of the crash, Dorathea Rye, Carl Smotherman and Santana Smith sustained serious injuries.

5

31.     As a result of the crash, Santana Smith was life-flighted to Vanderbilt University Medical Center.

32.     At the time of the crash, Defendant Castillo was operating the tractor trailer in direct violation of applicable laws, ordinances and regulations of the State of Tennessee and the Federal Motor Carrier Safety Act.

33.     Defendant Castillo lost control of the truck.

34.     Defendant Castillo was arrested as a result of the crash.

35.     Defendant Castillo killed a TDOT employee as a result of the crash.

36.     Defendant Castillo is one hundred percent (100%) at fault for the crash.

## CAUSES OF ACTION

### COMMON LAW NEGLIGENCE OF DEFENDANT CASTILLO

37.     The crash and the Plaintiffs' injuries were proximately caused by one or more of the following acts of negligence of Defendant Castillo:

A.      Defendant Castillo failed to maintain proper control of the tractor trailer on an interstate highway;

B.      Defendant Castillo negligently operated the tractor trailer;

C.      Defendant Castillo drove too fast for the elements there and then existing;

D.      Defendant Castillo failed to move over to the left-hand lane;

E.      Defendant Castillo failed to proceed with due caution;

F.      Defendant Castillo failed to reduce his speed;

G.      Defendant Castillo failed to properly steer the vehicle so as to keep in the vehicle on the paved roadway;

6

H.   At the time of the crash, Defendant Castillo failed to exercise due care while operating the tractor trailer;

I.   At the time of the crash, Defendant Castillo failed to keep the tractor trailer under control and crashed into the Plaintiffs.

## STATUTORY NEGLIGENCE OF DEFENDANT CASTILLO

38.   At all times material hereto, Defendant Castillo had a duty and responsibility to operate the tractor safely, in compliance with applicable statutes, rules and regulations of the State of Tennessee and the Federal Motor Carrier Safety Act, 49 U.S.C. §§ 31101, 31301, 31501 *et. seq.*

39.   Concurrent with the common law negligence set forth in paragraph 25 above, the crash and Plaintiffs' injuries were proximately and in fact caused by Defendant Castillo's violation of one or more of the following statutes which constitutes negligence *per se*:

A.   Defendant Castillo violated the provisions of Tennessee Code Annotated §55-8-123 (1) which requires the driver of a motor vehicle to maintain the vehicle in a single lane of traffic.

B.   Defendant Castillo violated the provisions of Tennessee Code Annotated §55-8-132 which requires a driver to yield the right-of-way by making a lane change into a lane not adjacent to that of an stationary authorized emergency vehicle.

C.   Defendant Castillo violated the provision of Tennessee Code Annotated §55-8-132 which requires a driver to proceed with due caution, reduce the speed of the vehicle and maintaining a safe speed for road conditions if changing lanes would be impossible or unsafe.

7

D.     Defendant Castillo violated 49 CFR § 390.3 *et seq.* which requires that all drivers be knowledgeable and comply with the Federal Motor Carrier Safety Regulations.

E.     Defendant Castillo violated 49 CFR § 395.1 *et seq.* by failing to comply with the hours of service (HOS) rules and completing and maintaining more than one (1) log book for HOS;

F.     The duties and responsibilities imposed on Defendant Castillo by Federal Motor Carrier Safety Regulations, including but not limited to 49 C.F.R §§ 392.2 and 392.14, by failing to drive the tractor trailer in accordance with applicable laws, ordinances, and regulations of the State of Tennessee; by failing to observe the duties and responsibilities placed upon him by such Federal Motor Carrier Safety Regulations; and by failing to operate the tractor trailer in a safe manner and at an appropriate speed given the circumstances.

## VICARIOUS LIABILITY

40.     At all relevant times, Defendant Castillo was an employee, agent, representative and/or servant of Spirit and was engaged in the course and scope of the employment or agency (real, apparent or ostensible) so that Spirit is responsible for or vicariously liable for the negligent acts or omissions of Defendant Castillo.

## STRICT LIABILITY

41.     Pursuant to 49 CFR § 383.5, Spirit is the statutory employer of Defendant Castillo and is liable for his negligent acts or omissions.

8

## COMMON LAW NEGLIGENCE OF DEFENDANT SPIRIT

42.     Upon information and belief and to the extent proved in discovery, the collision and Plaintiffs' injuries were proximately and in fact caused by one or more of the following acts of negligence of Spirit:

  A.     Spirit negligently hired Mr. Castillo.

  B.     Spirit failed to properly train Mr. Castillo.

  C.     Spirit failed to adequately supervise Mr. Castillo.

  D.     Spirit encouraged and/or acquiesced in unsafe driving practices which proximately caused the accident complained of herein.

  E.     Spirit negligently entrusted Defendant Castillo with operation of their tractor trailer.

  F.     Spirit is guilty of negligence because it negligently, carelessly and/or recklessly failed in its duty to require Defendant Castillo's observance of all duties and prohibitions placed upon him as a driver of the tractor trailer.

## STATUTORY NEGLIGENCE OF DEFENDANT SPIRIT

43.     Upon information and to the extent proved in discovery concurrent with the common law negligence set forth in paragraph 32 above, the collision and Plaintiffs' injuries were proximately caused by Spirit's violation of one or more of the following statutes which constitutes negligence *per se:*

  A.     Spirit violated 49 CFR § 380.507 which requires an employer to provide driver training as outlined in 49 CFR § 380.503.

9

B.     Spirit violated 49 CFR § 390.3 *et seq.* which requires that all motor carriers, their employees and drivers to be knowledgeable of, and comply with, the Federal Motor Carrier Safety Regulations.

C.     Spirit violated 49 CFR § 390.11 which proscribes a duty on the motor carrier to require observance of all duties and prohibitions placed on their drivers.

D.     Spirit violated 49 CFR § 385.5 which requires the carrier to demonstrate that it has adequate safety management controls in place to ensure compliance with the Federal Motor Carrier Safety Regulations.

E.     Spirit violated 49 CFR § 391.11 which places an affirmative duty on the carrier to determine if the driver is qualified to drive under the Federal Motor Carrier Safety Regulations.

## HARMS AND LOSSES OF DORATHEA RYE, SANTANA SMITH AND CARL SMOTHERMAN

44.     As a direct and proximate result of Defendants' negligence and or recklessness, the Plaintiffs suffered the following harms and losses:

A.     Serious, painful and disabling injuries;

B.     Past and future pain and suffering;

C.     Past and future mental anguish;

D.     Past and future loss of enjoyment of life;

E.     Current and future medical and other related expenses;

F.     Lost wages and lost earnings; and

G.     Permanent Injury.

45.     The Plaintiff, Rickey Rye, brings a claim for loss of consortium.

10

## WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFFS DEMAND:

1.      That this complaint be served upon the Defendants, requiring them answer within the time prescribed by law;

2.      That a jury of twelve (12) try this cause;

3.      That judgement enter in favor of Plaintiff, Dorathea Rye, and against the defendants, jointly and separately, and each of them, for compensatory damages in the amount not less than $1,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to compensate her for all of her harms and losses caused by the negligence and recklessness of the defendants;

4.      That judgement enter in favor of Plaintiff, Dorathea Rye, and against the defendants, jointly and separately, and each of them, for punitive damages in the amount not less than $5,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to punish this outrageous conduct and deter others in the community from endangering our hard-working Tennessee families in a similar manner;

5.      That judgment enter in favor of Plaintiff, Rickey Rye, and against the defendants, jointly and separately, and each of them, for compensatory damages in the amount not less than $500,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to compensate him for all of his harms and losses caused by the negligence and recklessness of the defendants;

6.      That judgement enter in favor of Plaintiff, Rickey Rye, and against the defendants, jointly and separately, and each of them, for punitive damages in the amount not less than $1,000,000.00 or in an amount determined by the jury acting in its sole providence as the

11

judges of the fact, to punish this outrageous conduct and deter others in the community from endangering our hard-working Tennessee families in a similar manner

7.     That judgement enter in favor of Plaintiff, Santana Smith, and against the defendants, jointly and separately, and each of them, for compensatory damages in the amount not less than $1,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to compensate him for all of his harms and losses caused by the negligence and recklessness of the defendants;

8.     That judgement enter in favor of Plaintiff, Santana Smith, and against the defendants, jointly and separately, and each of them, for punitive damages in the amount not less than $5,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to punish this outrageous conduct and deter others in the community from endangering our hard-working Tennessee families in a similar manner;

9.     That judgement enter in favor of Plaintiff, Carl Smotherman, and against the defendants, jointly and separately, and each of them, for compensatory damages in the amount not less than $1,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to compensate him for all of his harms and losses caused by the negligence and recklessness of the defendants;

10.     That judgement enter in favor of Plaintiff, Carl Smotherman, and against the defendants, jointly and separately, and each of them, for punitive damages in the amount not less than $5,000,000.00 or in an amount determined by the jury acting in its sole providence as the judges of the fact, to punish this outrageous conduct and deter others in the community from endangering our hard-working Tennessee families in a similar manner;

12

11.    That Plaintiffs be awarded all further and general relief to which they may be entitled, including pre-judgment interest on their judgement, discretionary costs, court costs and other expenses as allowed by law.

12.    That the cost of this action be taxed to the Defendants.


                                        Respectfully submitted,

                                        **ROCKY McELHANEY LAW FIRM, PC**


                                        **ROCKY McELHANEY, #20205**
                                        **AFSOON HAGH, #28393**
                                        **JUSTIN HIGHT, # 032167**
                                        **1516 16th Avenue South**
                                        **Nashville, Tennessee 37212**
                                        **(615) 425-2500 telephone**
                                        **(615)425-2501 facsimile**

                                        *ATTORNEYS FOR DORTHEA RYE, RICKEY RYE,*
                                        *SANTANA SMITH and CARL SMOTHERMAN*


13