IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DORATHEA RYE, et al | ) | |
| | ) | |
| v. | ) | No. 1:16-0061 |
| | ) | Magistrate Judge Holmes |
| | ) | |
| CANDELARIO CASTILLO, et al | ) | |

**MEMORANDUM ORDER**

Before the Court in this diversity jurisdiction case arising out of a vehicular collision is Defendant Spirit Truck Lines, Inc.'s motion to compel Plaintiff Dorathea Rye to submit to a mental and physical examination under Federal Rule of Civil Procedure 35. (Docket No. 89.) Plaintiff Dorathea Rye has filed a separate motion for a protective order (Docket No. 88) in which she opposes the requested examinations or, alternatively, requests that she be permitted to videotape any permitted examinations. The parties have fully briefed both motions. (Docket Nos. 90, 92, 100, and 103.) For the reasons that follow, Plaintiff Dorathea Rye's motion (Docket No. 88) will be GRANTED and Defendant Spirit Truck Lines' motion (Docket No. 89) will be DENIED. However, Defendant Spirit Truck Line will be permitted to supplement its expert reports as appropriate based on Rye's deposition testimony and any subsequent discovery, including additional medical reports or Rye's own supplemental expert reports. Further, Plaintiff is expressly precluded at trial from asserting as impeachment of Spirit Truck Lines' experts, Dr. Jeffrey Hazelwood and Dan Thompson, or otherwise challenging the credibility of the experts and their reports (including as argument to the jury), that the experts did not physically examine or interview Rye.

## I. Relevant Background

Familiarity with this case is presumed and the underlying facts and circumstances are recited only for explanation or context to the Court's ruling. On or about April 28, 2016, a tragic vehicular collision occurred on I-40 in Hickman County. Plaintiffs (and their co-worker who died as a result of the collision) were working for the Tennessee Department of Transportation ("TDOT") and were occupants in TDOT vehicles that were struck by a tractor/trailer driven by Defendant Candelario Castillo under the motor carrier authority of Spirit Truck Lines.[1]

Plaintiffs filed a complaint in Hickman County Circuit Court, which was removed to this Court based on diversity jurisdiction. (Docket No. 1.) Dorathea Rya maintains that she suffered severe injuries in the collision, for which she seeks damages. (Docket No. 1-1 at ¶¶ 30 and 44).

Discovery in the case has been hampered by the parties' continued lack of access to the subject tractor/trailer, including for inspection by experts. The tractor/trailer is in the possession of the Tennessee Highway Patrol and the Hickman County District Attorney's Office that is prosecuting pending criminal charges against Castillo. To accommodate the criminal proceeding and allow for access to the subject tractor/trailer, an order was entered on June 21, 2019 staying the case pending disposition of the criminal charges. (Docket No. 60.) The parties continued to update the Court on the status of the criminal proceedings, through filings and during telephonic status conferences. Because of the continuing uncertainty of definite scheduling of the criminal trial, the Court lifted the stay and permitted discovery to proceed by order entered July 21, 2021. (Docket No. 75.)

---

[1] These limited underlying facts are taken from the complaint and answer and, to the extent stated, are generally undisputed unless otherwise noted.

2

On September 30, 2021, Rye filed the instant motion for a protective order, opposing the stated intention of Spirit Truck Lines to move for an order requiring that she submit to a physical examination by a physician and to an interview with a certified life planner. (Docket No. 88.) On October 1, 2021, Spirit Truck Lines filed its motion requesting that Rye be required to submit to the examination and interview. (Docket No. 89.) Both motions are opposed.

Spirit Truck Lines argues that a physical examination of Rye is permitted under Rule 35 because she has alleged physical and mental injuries that place those injuries at issue and establish the requisite good cause. (Docket No. 90 at 2-5.) Spirit Truck Lines also asserts that Rye's claim for substantial damages based on her purported injuries establishes good cause to require her to submit to an interview with the designated certified life planner, who is also a registered vocational professional and registered rehabilitation professional. (*Id.* at 2-3 and 6-7.)

Rye opposes the motion and seeks a protective order, arguing that relief under Rule 35 is discretionary and that Spirit Truck Lines has not shown a need for the requested examination and interview. (Docket Nos. 88, 102, and 103.) Specifically, Rye argues that Spirit Truck Lines has access to her medical records, from which its experts can and have prepared reports. (*Id.*)[2]

## II. Legal Standard

Unlike other discovery tools, which litigants may use as a matter of course, a party seeking an examination under Rule 35 must obtain leave of court. Fed. R. Civ. P. 35(a).[3] Rule 35 authorizes

---

[2] Rye also argues that the examination and interview are more adversarial than objective and, for that reason, videotaping of any permitted examination or interview is warranted. Because the Court will deny Spirit Truck Lines' motion, it is not necessary to reach this issue. Nevertheless, under the circumstances of this case, the Court tends to agree with Rye. Spirit Truck Lines' experts prepared comprehensive expert reports based on reviews of her medical records. *See* Docket No. 103. At this point, common sense dictates that the requested in-person examination or interview is for purposes of shoring up those reports.

[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

3

a court to "order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The moving party must show "good cause" why the court should compel an examination. Fed. R. Civ. P. 35(a)(2)(A).

The Supreme Court has held that Rule 35's "in controversy" and "good cause" requirements are not "mere formalit[ies]," but "plainly expressed limitation[s] on the use of th[e] Rule." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). These requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* When ruling on a Rule 35 motion, courts also consider the movant's ability to obtain the information sought by other means. *Id.*

"Rule 35, therefore, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements[.]" *Id.* "This is because a more relaxed standard would allow parties to routinely compel each other to submit to examinations, which would be contrary to both the spirit of the Rules of Civil Procedure, *see* Fed. R. Civ. P. 1, and the purposes underlying the substantive law at the center of many disputes." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 315 F.R.D. 612, 614 (N.D. Fla. 2016).[4]

---

[4] In relying on this and other cases from sister courts outside this Circuit, the Court pauses to note that both Rye and Spirit Truck Lines have criticized the other for basing their respective arguments on such "non-binding authority." While certainly not rising to the level of sanctionable conduct, the Court encourages counsel to refrain from lodging unwarranted criticisms towards

4

### III. Analysis

The Court must determine whether Spirit Truck Lines has made "an affirmative showing" that Rye's condition "is really and genuinely in controversy" for purposes of Rule 35 and that good cause exists to compel the requested examinations. *Schlagenhauf*, 379 U.S. at 118. As an initial matter, and to the extent that the requested examination includes a mental component, Spirit Truck Lines has not cited any legal authority to support an argument that Rye's mental condition is in controversy for purposes of Rule 35 simply because her physical condition is in controversy. Nor is this Court aware of any such authority. On the contrary, "[t]he majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *T.C. ex rel. S.C. v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 3:17-cv-1098; 3:17-cv-1159; 3:17-cv-1209; 3:17-cv-1277; 3:17-cv-1427, 2018 WL 3348728, at *10 (M.D. Tenn. July 9, 2018) (quoting *Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-cv-11486, 2016 WL 1305221, at *2 (E.D. Mich. Apr. 4, 2016)). Courts determine whether claimed emotional distress is more than garden variety by evaluating whether:

> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35.

*Id.* at *11 (quoting *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 660 (D. Kan. 2004)). Evaluating the relevant factors, there is no claim for intentional or negligent infliction of emotional distress before the Court; no allegation in the complaint of a specific mental or psychiatric injury or disorder; no claim of unusually severe emotional distress; nothing in the offered record indicates

---

opposing parties and counsel, which neither persuades the Court nor promotes civility within the legal profession.

5

that Rye has designated any mental health or psychiatry experts; nor has she conceded that her mental condition is in controversy within the meaning of Rule 35. However, even if Rye's mental condition is in controversy within the meaning of Rule 35, the Court nevertheless finds, for the reasons discussed below, that Spirit Truck Lines has failed to show good cause for the requested examinations.

A preliminary determination must also be made whether the scope of Rule 35 extends to Spirit Truck Lines' request that Rye submit to an interview or vocational examination by its designated vocational expert. In 1991, Rule 35 was expanded to include examinations by not only physicians and psychologists, but also "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of the dispute." Fed. R. Civ. P. 35(a), advisory committee notes (1991); *see also Storms v. Lowe's Home Centers, Inc.*, 211 F.R.D. 296, 297-98 (W.D. Va. 2002). Courts have generally found that vocational examinations, like that sought by Spirit Truck Lines, may be ordered under Rule 35, although perhaps not when the vocational assessment is not connected with a physical or mental condition. *Id*. at 297. Additionally, "courts have held that parties moving to compel vocational examinations under Rule 35 do so without good cause when other and adequate evidence is available for a vocational expert's review." *Id*. at 297-98 (internal citations omitted).

Here, Spirit Truck Lines seeks to compel two separate examinations of Rye—one by a medical professional and one by a vocational rehabilitation expert. The Court need not decide whether this falls within the contemplated scope of Rule 35 because the Court finds that Spirit Truck Lines has not shown good cause as required by Rule 35.

6

The Court finds persuasive those cases holding that a request to examine a party "will be denied when the information that can be obtained from a Rule 35 examination is available through other means." *Conforti v. St. Joseph's Healthcare System, Inc.*, Civ. Case No. 217-cv-00050, 2020 WL 365100, at *3 (D. N.J. Jan. 22, 2020) (citing *McLaughlin v. Atlantic City*, Case No. 05-2263, 2007 WL 1108527, at *4 (D. N.J. Apr. 10, 2007) (surveying cases)). That is the case here. Spirit Truck Lines possesses Rye's medical records and the report of her vocational expert, has deposed Rye, and may depose her treating physicians and vocational and other experts. In fact, the examining experts identified by Spirit Truck Lines have already prepared comprehensive detailed expert reports based on that other information. *See* Docket No. 103.

To find, as Spirit Truck Lines suggests, that good cause under Rule 35 is established simply by a plaintiff's assertion of physical and mental injuries in a negligence case would strip Rule 35 of any meaning and dictate that Rule 35 examinations could be ordered routinely in such cases, a result that is at odds with the plain language of Rule 35. For these reasons, the Court finds that Spirit Truck Lines has failed to show the requisite good cause to compel Rye to submit to the requesting examinations.

**IV.  Conclusion**

Based on the foregoing, Plaintiff Dorathea Rye's motion (Docket No. 88) is GRANTED and Defendant Spirit Truck Lines' motion (Docket No. 89) is DENIED. However, as previously noted, Defendant Spirit Truck Lines will be permitted to supplement its expert reports as appropriate based on Rye's deposition testimony and any subsequent discovery, including additional medical reports or Rye's own supplemental expert reports. Further, Plaintiff is expressly precluded at trial from asserting as impeachment of Spirit Truck Line's experts, Dr. Jeffrey Hazelwood and Dan Thompson, or otherwise challenging the credibility of the experts and their

reports (including as argument to the jury), that the experts did not physically examine or interview Rye.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge